MICHAEL J. STORTZ (SBN 139386)
Michael.Stortz@klgates.com
ANDREW J. WU (SBN 326268)
Andrew.Wu@klgates.com
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Attorneys for Defendant
HP Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN DAVIS and GARY DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HP, INC.,<br><br>Defendant. | Case No. 4:23-cv-02114-YGR<br><br>**DEFENDANT HP INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed concurrently with the [Proposed] Order]*<br><br>Hearing Date: August 15, 2023<br>Hearing Time: 2:00 p.m.<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Court: Ctrm 1, 4th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 15, 2023, at 2:00 p.m. in Courtroom 1, 4th Floor of the United States District Court located at 1301 Clay Street, Oakland, California 94612, Defendant HP Inc. ("HP") will and hereby does move this Court, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiffs Justin Davis and Gary Davis' Class Action Complaint ("Complaint") in its entirety on the basis that:

Plaintiffs lack Article III and statutory standing to assert their claims against HP because they fail to allege that they relied on any HP statement in connection with their purchases. Plaintiffs also fail to meet Rule 9(b)'s heightened pleading standard for their fraud-based statutory claims, and Plaintiff Justin Davis otherwise fails to state a claim under California's Consumer Legal Remedies Act and Unfair Competition Law. Plaintiffs' express and implied warranty claims fail because Plaintiffs do not identify the terms of any warranty, and neither Plaintiff stands in privity with HP. Additionally, Plaintiffs' equitable claims should be dismissed because they have no standing to seek injunctive relief, they fail to allege that their remedies at law are inadequate, and their unjust enrichment claim is duplicative of their other remedies sought. Plaintiffs' proposed class claims fail as a matter of law on the grounds that Plaintiffs have failed to identify the state laws in which their proposed class claims are based, Plaintiffs have not alleged a basis on which those claims can be asserted on a nationwide basis, given the myriad material differences in controlling state law, and Plaintiffs cannot assert nationwide class claims based on the laws of multiple jurisdictions or states in which they do not reside. Further, Plaintiffs lack standing to assert putative class claims for HP products that Plaintiffs themselves did not purchase.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities attached hereto, all pleadings, papers, and records on file with this Court, and all other such argument and evidence as may be presented in connection with the Motion.

Dated: June 30, 2023

K&L GATES LLP

By: /s/ *Michael J. Stortz*

Michael J. Stortz
Andrew J. Wu
*Attorneys for Defendant*
*HP Inc.*

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................ 1

II.     BACKGROUND ........................................................................................................ 2

     A.    Plaintiffs' Alleged Experiences. ................................................................ 2

     B.    Plaintiffs' Complaint.................................................................................. 3

     C.    Meet and Confer. ....................................................................................... 4

III.    LEGAL STANDARD................................................................................................. 4

IV.    ARGUMENT .............................................................................................................. 5

     A.    Plaintiffs Lack Article III and Statutory Standing. ................................... 5

     B.    Plaintiffs' Statutory Claims Fail as a Matter of Law. ............................... 6

           1.    Plaintiffs Fail to Allege Reliance.................................................. 6

           2.    Plaintiffs Fail to Identify any Actionable Representation............... 7

           3.    Plaintiffs Fail to Identify any Statement Relating to Trackpads.................... 8

           4.    Plaintiffs Fail to Identify the Alleged Defect............................... 9

           5.    Plaintiffs Fail to Allege That HP Had Pre-Sale Knowledge......................... 10

           6.    Plaintiffs' Statutory Claims Based on Alleged Omissions Fail. ................... 12

     C.    Plaintiff Justin Davis' Statutory Claims Are Otherwise Without Merit. ................... 12

           1.    The Purported CLRA Notice to HP Is Deficient. .......................... 13

           2.    Plaintiff Justin Davis Otherwise Fails to State a UCL Claim. ...................... 14

     D.    Plaintiffs' Express and Implied Warranty Claims Should Be Dismissed.................. 14

           1.    Plaintiffs' Express Warranty Claims Fail. .................................... 15

           2.    Plaintiffs' Implied Warranty Claims Fail. .................................... 15

     E.    Plaintiffs' Claims for Equitable Relief Should Be Dismissed. ................................ 16

           1.    Plaintiffs Lack Standing to Seek Injunctive Relief....................... 16

           2.    Plaintiffs Fail to Demonstrate That They Have Inadequate Legal Remedies.................................................................................. 17

           3.    Plaintiffs' Unjust Enrichment Claim Fails.................................... 18

     F.    Plaintiffs Lack Standing as to the Nationwide Class and State Subclasses.............. 18

V.     CONCLUSION ........................................................................................................ 20

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Adkins v. Nestle Purina PetCare Co.*,
5
    973 F. Supp. 2d 905 (N.D. Ill. 2013) .......................................................................8

6

*Ang v. Bimbo Bakeries USA, Inc.*,
    No. 13-cv-01196-WHO, 2013 WL 5407039 (N.D. Cal. Sept. 25, 2013) ...............................13
7

8

*Aquino v. C.R. Bard, Inc.*,
    413 F. Supp. 3d 770 (N.D. Ill. 2019) ..............................................................15

9

*Ashcroft v. Iqbal*,
10
    556 U.S. 662 (2009)..............................................................................4

11

*Avery v. State Farm Mut. Auto. Ins. Co.*,
    835 N.E.2d 801 (Ill. 2005)........................................................................7
12

13

*Baldwin v. Star Sci., Inc.*,
    78 F. Supp. 3d 724 (N.D. Ill. 2015) ...................................................7, 9, 15

14

*Bell Atlantic Corp. v. Twombly*,
15
    550 U.S. 544 (2007)..............................................................................4

16

*Benanav v. Healthy Paws Pet Ins., LLC*,
    495 F. Supp. 3d 987 (D. Wash. 2020) .................................................................5
17

18

*Brazil v. Dole Food Co., Inc.*,
    935 F. Supp. 2d 947 (N.D. Cal. 2013) ..............................................................18

19

*Brothers v. Hewlett-Packard Co.*,
    No. C-06-02254 RMW, 2006 WL 3093685 (N.D. Cal. Oct. 31, 2016) ..................................8
20

21

*Brown v. Natures Path Foods, Inc.*,
    No. 21-cv-05132-HSG, 2022 WL 717816 (N.D. Cal. Mar. 10, 2022) ...................................5

22

*Carroll v. Myriad Genetics, Inc.*,
23
    No. 4:22-cv-00739, 2022 WL 16860013 (N.D. Cal. Nov. 9, 2022) (Gonzalez
    Rogers, J.) .................................................................................20

24

*City of Los Angeles v. Lyons*,
25
    461 U.S. 95 (1983).............................................................................17

26

*Clemens v. DaimlerChrysler Corp.*,
    534 F. Supp. 3d 1017 (9th Cir. 2008) ............................................................16
27

28

*Cleray v. Phillip Morris*,
    656 F.3d 511 (7th Cir. 2011) ....................................................................18

*In re Clorox Consumer Litig.*,
  894 F. Supp. 2d 1224 (N.D. Cal. 2012) ...................................................................16

*Connick v. Suzuki Motor Co., Ltd.*,
  174 Ill.2d 482 (Ill. 1996) ...........................................................................................12

*Copley v. Natera, Inc.*,
  No. 4:21-cv-08941-YGR, 2023 WL 3772023 (N.D. Cal. May 8, 2023) (Gonzalez
  Rogers, J.) ...........................................................................................................16, 17

*Cover v. Windsor Surry Co.*,
  No. 14-cv-05262-WHO, 2016 WL 520991 (N.D. Cal. Feb. 10, 2016) ...................19

*Darne v. Ford Motor Co.*,
  No. 13 CV 03594, 2017 WL 3836586 (N.D. Ill. Sept. 1, 2017)...............................12

*De Bouse v. Bayer*,
  235 Ill.2d 544 (Ill. 2009) ...........................................................................................12

*Deras v. Volkswagen Grp. of Am., Inc.*,
  No. 17-cv-05452-JST, 2018 WL 2267448 (N.D. Cal. May 17, 2018) .....................11

*Elias v. Hewlett-Packard Co.*,
  950 F. Supp. 2d 1123 (N.D. Cal. 2013) .......................................................................8

*Fayer v. Vaughn*,
  649 F.3d 1061 (9th Cir. 2011) .....................................................................................4

*Frenzel v. AliphCom*,
  76 F. Supp. 3d 999 (N.D. Cal. 2014) ...................................................................13, 17

*Frezza v. Google Inc.*,
  No. 5:12-cv-00237-RMW, 2013 WL 1736788 (N.D. Cal. Apr. 22, 2013) .............19

*Fullerton v. Corelle Brands, LLC*,
  No. 18-cv-4152, 2019 WL 4750039 (N.D. Ill. Sept. 30, 2019)...............................16

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) .....................................................................................4

*In re GlenFed Sec. Litig.*,
  42 F.3d 1541 (9th Cir. 1994) .......................................................................................5

*Hadley v. Kellogg Sales Co.*,
  243 F. Supp. 3d 1074 (N.D. Cal. 2017) .....................................................................14

*Hadley v. Kellogg Sales Co.*,
  273 F. Supp. 3d 1052 (N.D. Cal. 2017) .................................................................7, 15

*Halperin v. Int'l Web Servs., LLC*,
  123 F. Supp. 3d 999 (N.D. Ill. 2015).........................................................................11

*Ham v. Hain Celestial Grp., Inc.*,
    70 F. Supp. 3d 1188 (N.D. Cal. 2014) ...................................................................................6

*Hauck v. Advanced Micro Devices, Inc.*,
    No. 18-cv-00447-LHK, 2018 WL 5729234 (N.D. Cal. Oct. 29, 2018)............................11, 15

*Hendricks v. StarKist Co.*,
    30 F. Supp. 3d 917 (N.D. Cal. 2014) (Gonzalez Rogers, J.) ...................................................18

*Herron v. Best Buy Stores, L.P.*,
    No. 12-cv-02103-GEB-JFM, 2014 WL 2462969 (E.D. Cal. May 29, 2014) ..........................13

*Hodgers-Durgin v. de la Vina*,
    199 F.3d 1037 (9th Cir. 1999) ...............................................................................................17

*Hodson v. Mars, Inc.*,
    162 F. Supp. 3d 1016 (N.D. Cal. 2016), *aff'd*, 891 F.3d 857 (9th Cir. 2018) ........................12

*In re Iphone 4S Consumer Litig.*,
    No. C 12-1127 CW, 2014 WL 589388 (N.D. Cal. Feb. 14, 2014) .........................................15

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ........................................................................................4, 5, 7

*Laster v. T-Mobile USA, Inc.*,
    407 F. Supp. 2d 1181 (S.D. Cal. 2005)..................................................................................13

*Lazar v. Hertz Corp.*,
    69 Cal. App. 4th 1494 (1999) ................................................................................................14

*LiMandri v. Judkins*,
    52 Cal. App. 4th 326 (1997) *aff'd*, 462 F. App'x 660 (9th Cir. 2011) ....................................12

*Maxwell v. Unilever U.S., Inc.*,
    No. 5:12-cv-01736-EJD, 2013 WL 1435232 (N.D. Cal. Apr. 9, 2013) ....................................7

*Mazza v. Am. Honda Motor Co., Inc.*,
    666 F.3d 581 (9th Cir. 2012) .................................................................................................19

*McVicar v. Goodman Global, Inc.*,
    1 F. Supp. 3d 1044 (C.D. Cal. 2014) .....................................................................................12

*Monsanto Co. v. Geertson Seed Farms*,
    561 U.S. 139 (2010).................................................................................................................5

*Morgan v. Harmonix Music Sys., Inc.*,
    No. 08-cv-05211-BZ, 2009 WL 2031765 (N.D. Cal. July 7, 2009).........................................8

*N. Ins. Co. of N.Y. v. Silverton Marine Corp.*,
    No. 10–cv–0345, 2010 WL 2574225 (N.D. Ill. June 23, 2010) .............................................15

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993) ...................................................................................5

*O'Connor v. Ford Motor Co.*,
  477 F. Supp. 3d 705 (N.D. Ill. 2020) ...............................................................7, 18

*In re Packaged Seafood Prods. Antitrust Litig.*,
  242 F. Supp. 3d 1033 (S.D. Cal. 2017)...................................................................19

*Palmer v. Apple Inc.*,
  No. 5:15-cv-05808-RMW, 2016 WL 1535087 (N.D. Cal. Apr. 15, 2016) ........................6, 14

*Phan v. Sargento Foods, Inc.*,
  No. 20-cv-09251-EMC, 2021 WL 2224260 (N.D. Cal. June 2, 2021)....................................19

*Pirozzi v. Apple Inc.*,
  913 F. Supp. 2d 840 (N.D. Cal. Dec. 20, 2012) (Gonzalez Rogers, J.)........................1, 4, 6, 7

*Punian v. Gillette Co.*,
  No. 14-cv-05028-LHK, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016)...........................6, 10, 14

*Reid v. Unilever U.S., Inc.*,
  964 F. Supp. 2d 893 (N.D. Ill. 2013) ..................................................................8

*Resnick v. Hyundai Motor Am., Inc.*,
  No. CV 16-00593-BRO, 2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ................................10

*Rice v. Sunbeam Prods., Inc.*,
  No. CV 12-7923-CAS-AJWx, 2013 WL 146270 (C.D. Cal. Jan. 7, 2013)..............................10

*Rodriguez v. Ford Motor Co.*,
  596 F. Supp. 3d 1050 (N.D. Ill. 2022) .................................................................12

*Romero v. Flowers Bakeries, LLC*,
  No. 14-cv-05189-BLF, 2016 WL 469370 (N.D. Cal. Feb. 8, 2016) ....................................18

*Schertzer v. Bank of Am., N.A.*,
  445 F. Supp. 3d 1058 (S.D. Cal. 2020)....................................................................19

*Schwebe v. AGC Flat Glass N. Am., Inc.*,
  No. 12 C 9873, 2013 WL 2151551 (N.D. Ill. May 16, 2013) .................................................11

*Sciacca v. Apple Inc.*,
  362 F. Supp. 3d 787 (N.D. Cal. 2019) ....................................................................9

*In re Seagate Tech. LLC Litig.*,
  233 F. Supp. 3d 776 (N.D. Cal. 2017) ...................................................................16

*Sharma v. ARS Aleut Construction, LLC*,
  No. 4-21-cv-4004-YGR, 2021 WL 4554193 (N.D. Cal. Oct. 5, 2021) (Gonzalez
  Rogers, J.) ...................................................................................15

*Sherwin v. Samsung Elec. Am., Inc.*,
No. 16 C 7535, 2018 WL 11216896 (N.D. Ill. Mar. 2, 2018) ........................................10, 11

*Smith v. Apple Inc.*,
No. 21-cv-09527-HSG, 2023 WL 2095914 (N.D. Cal. Feb. 17, 2023).................................10

*Smith v. Ford Motor Co.*,
749 F. Supp. 2d 980 (N.D. Cal. 2010) ...................................................................................12

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) ..........................................................................................17, 18

*In re Sony PS3 Other OS Litig.*,
551 F. App'x 916 (9th Cir. 2014) ...........................................................................................15

*Speakers of Sport, Inc. v. ProServ, Inc.*,
178 F.3d 862 (7th Cir. 1999) .....................................................................................................8

*Swartz v. Dave's Killer Bread, Inc.*,
No. 4:21-cv-10053-YGR, 2022 WL 1766463 (N.D. Cal. May 20, 2022)
(Gonzalez Rogers, J.).................................................................................................................5

*Taleshpour v. Apple Inc.*,
549 F. Supp. 3d 1033 (N.D. Cal. 2021) .............................................................................8, 12

*TransUnion LLC v. Ramirez*,
141 S.Ct. 2190 (2021).........................................................................................................16, 17

*Tromble v. Western Digital Corp.*,
No. 4:20-cv-08102-YGR, 2021 WL 2165796 (N.D. Cal. May 27, 2021)
(Gonzalez Rogers, J.)........................................................................................................ *passim*

*Vanzant v. Hill's Pet Nutrition, Inc.*,
934 F.3d 730 (7th Cir. 2019) ...........................................................................................6, 18

*Voelker v. Porsche Cars No. Am., Inc.*,
353 F.3d 516 (7th Cir. 2003) ..................................................................................................16

*Watkins v. MGA Ent., Inc.*,
550 F. Supp. 3d 815 (N.D. Cal. 2021) ............................................................................16, 17

*Wilson v. Hewlett-Packard Co.*,
668 F.3d 1136 (9th Cir. 2012) ....................................................................................9, 10, 11

*Wood v. Motorola Mobility, Inc.*,
No. C-11-04409-YGR, 2012 WL 892166 (N.D. Cal. Mar. 14, 2012) (Gonzalez
Rogers, J.) ...............................................................................................................................5, 9

**State Statutes**

815 ILCS 505/1, *et seq.*...............................................................................................................3

Cal. Bus. & Prof. Code § 17200, *et seq.* ..............................................................3, 6, 14

Cal. Bus. & Prof. Code § 17500 ...........................................................................3, 6, 13

Cal. Civ. Code § 1770(a) .............................................................................................3, 6

Cal. Civ. Code § 1782(a) ...............................................................................................13

**Federal Rules**

Fed. R. Civ. P. 9(b) ................................................................................................. *passim*

Fed. R. Civ. P. 23(b)(2)..................................................................................................17

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Although Plaintiffs Justin Davis and Gary Davis purport to present the Court with "a national consumer class action lawsuit" (Compl. ¶ 1), their Complaint fails to allege facts sufficient to support their individual claims for relief, or to establish their standing to represent the proposed class and subclasses.  Their Complaint should be dismissed on several grounds.

*First*, Plaintiffs fail to allege facts showing that they have Article III and statutory standing to challenge HP's advertising of HP Omen laptops.  Each Plaintiff fails to allege that he relied on any HP advertising in connection with his purchase, or any other connection between his alleged harm and HP's conduct.  It follows that Plaintiffs lack standing to seek damages under Article III and the California and Illinois statutes that they purport to invoke.  *See, e.g. Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840, 847 (N.D. Cal. Dec. 20, 2012) (Gonzalez Rogers, J.).

*Second*, Plaintiffs' state statutory claims fail because their Complaint fails to identify any actionable misrepresentation by HP, or other facts sufficient to support such claims.  Those omissions are particularly glaring, given that the heightened pleading requirements of Rule 9(b) apply to those claims.

*Third*, Plaintiffs' express and implied warranty claims fail as a matter of law because Plaintiffs do not identify the terms of the alleged express warranty, and neither Plaintiff stands in privity with HP, so as to support a claim for breach of implied warranty.

*Fourth*, Plaintiffs' equitable claims fail because Plaintiffs have not alleged facts demonstrating that they are at imminent risk of substantial harm, or that their legal remedies are inadequate.  Plaintiffs' unjust enrichment claims are duplicative of the remedy sought under their statutory claims, and premised on the same alleged facts.

*Fifth*, Plaintiffs fail to allege any facts that would permit them to represent their proposed nationwide class.  Plaintiffs fail to allege "the state law in which the [nationwide class] claims are grounded[,]" much less any basis on which they could invoke the laws of other States.  *See Tromble v. Western Digital Corp.*, No. 4:20-cv-08102-YGR, 2021 WL 2165796, at *2 (N.D. Cal. May 27, 2021) (Gonzalez Rogers, J.) (citation omitted).  Plaintiffs also fail to allege any basis on which the

1  Court could adjudicate nationwide class claims, given the well-recognized and material differences

2  between state laws of warranty and unjust enrichment.  *See id*. (citations omitted).  Plaintiffs further

3  fail to allege any factual basis on which they might have standing to assert class or subclass claims

4  as to the models of HP Omen laptops that they themselves did not purchase.

5       For these and other reasons discussed further below, the Court should dismiss Plaintiffs'

6  Complaint in its entirety.

7  **II.    BACKGROUND**

8       **A.    Plaintiffs' Alleged Experiences.**

9       Plaintiffs' Complaint provides scant information regarding their individual experiences in

10 connection with their respective purchases of the HP Omen laptops.  From the few allegations

11 specific to the named Plaintiffs (Compl. ¶¶ 36-48), it appears that neither Plaintiff reviewed HP's

12 advertising in connection with his laptop purchase, or sought service under HP's Limited

13 Warranty.[1]

14      Plaintiff Justin Davis, a resident of Newark, California, allegedly purchased an HP Omen

15 16.1" R5 5600H Gaming laptop from an online retailer in April 2022.  *Id*. ¶¶ 6, 36.  The Complaint

16 fails to identify any specific HP advertising—or indeed, any HP statement whatsoever—that

17 Plaintiff Justin Davis allegedly reviewed in connection with his online purchase.  *See id*. ¶¶ 36-42.

18      Plaintiff Gary Davis, an Illinois resident, allegedly purchased an HP Omen 17.3" Intel i7

19 Gaming laptop at a discount from a MicroCenter retail store in Westmount, Illinois in January 2022.

20 *Id*. ¶ 43.  Again, however, the Complaint fails to identify any specific HP advertising or statement

21 that Plaintiff Gary Davis allegedly reviewed in connection with his in-store purchase.  *See id*. ¶¶

22 43-48.

23      Each Plaintiff generically alleges that he experienced a "malfunction" in the operation of his

24 laptop's trackpad "after using the laptop only a handful of times[.]"  *Id*. ¶¶ 37, 44.  However, neither

25 Plaintiff alleges that he contacted HP at that point to report the experience, or to seek in-warranty

26 service pursuant to HP's Limited Warranty.

27

28 [1] HP's Hardware Limited Warranty can be found online:  https://www.hp.com/us-en/privacy/limited_warranty.html.

1    Instead, Plaintiffs retained counsel, who several months later sent HP a pre-litigation

2    demand letter dated March 30, 2023, regarding the "HP Omen Product Line[.]"  Dkt. No. 1-1.

3    Plaintiffs then filed this action on May 1, 2023.

4    **B.      Plaintiffs' Complaint.**

5         Plaintiffs' Complaint asserts seven claims for: (1) violation of California's Unfair

6    Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*.; (2) violation of California's

7    False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500; (3) violation of California's

8    Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770(a); (4) violation of Illinois'

9    Consumer Fraud and Deceptive Trade Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*, (5) breach

10   of express warranty; (6) breach of implied warranty; and (7) unjust enrichment.

11        The gravamen of Plaintiffs' claims is that HP represents that its HP Omen laptops are "fully

12   functional" and "high-performance gaming laptop[s]" that are "free of defects."  Compl. ¶¶ 64, 68,

13   78.  But their Complaint studiously avoids identifying any particular instance in which HP made

14   such representations to either Plaintiff or anyone else.  *Id.*  Instead, their Complaint points to

15   purported statements on HP's website that Plaintiffs' counsel evidently located while drafting the

16   Complaint in 2023, but that Plaintiffs themselves do not allege reviewing at the time of their

17   purchases in 2022.

18        For example, the Complaint challenges a banner advertisement on HP's website that reads:

19   "You don't pick the best gaming laptop. It picks you."  *Id.* ¶ 17.  Yet neither Plaintiff alleges that he

20   reviewed that statement, or indeed HP's website, in connection with his purchase.  Similarly, the

21   Complaint challenges statements on a webpage on www.hp.com for a specific HP Omen laptop (the

22   Omen 16t-k000, 16.1"), even though neither Plaintiff alleges to have reviewed that webpage or to

23   have purchased an HP Omen 16t-k000, 16.1" laptop.  *Compare id.* ¶ 18, n. 7 *with id.* ¶¶ 36, 43.

24        Although the Complaint refers to online posts as showing a defect in the trackpads "known

25   to HP" prior to Plaintiffs' purchases, most of these posts appear to have been posted after Plaintiffs'

26   purchases, and (from the limited information posted) appear to involve different models of HP

27   Omen laptops than those purchased by Plaintiffs.  *See, e.g., id.* ¶ 27 (anonymous August 2022 post

28   regarding "Omen 16").  As for the alleged defect in the trackpads in Plaintiffs' laptop models, the

1  Complaint provides little information.  The Complaint lacks any well-pleaded facts identifying

2  whether the purported trackpad defect is a design defect, a manufacturing defect, or some other

3  issue.

4  Based on these limited factual allegations, Plaintiffs purport to represent a nationwide class

5  of all purchasers of HP Omen laptops produced in 2021 and 2022.  Compl. ¶¶ 1, 49.  Plaintiff Justin

6  Davis purports to represent a California subclass of such purchasers, and Plaintiff Gary Davis

7  purports to represent an Illinois subclass of such purchasers.  *Id.*

8  **C.      Meet and Confer.**

9  Consistent with the direction provided by the Court's scheduling notes, HP's counsel

10 initiated a meet and confer with Plaintiffs' counsel regarding the deficiencies in Plaintiffs'

11 Complaint.  Through email and telephone conferences, HP's counsel identified that the Complaint

12 was deficient, particularly in light of this Court's decisions in *Tromble* and *Pirozzi*.   Plaintiffs'

13 counsel agreed to file an amended complaint by June 9, 2023, and signed a stipulation to that effect

14 (Dkt. No. 18).  Without explanation, Plaintiffs declined to file an amended complaint by the

15 stipulated deadline, thereby requiring HP to file this motion to dismiss the original Complaint.

16 **III.  LEGAL STANDARD**

17 To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to

18 relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007);

19 *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The complaint must contain "more than [mere] labels and

20 conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*,

21 550 U.S. at 555.  The Court need not "assume the truth of legal conclusions merely because they are

22 cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)

23 (internal quotations omitted); *see also Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.  Courts do

24 not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

25 unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

26 Rule 9(b) heightens these pleading requirements for all claims that "sound in fraud" or are

27 "grounded in fraud."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citation

28 omitted); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the

circumstances constituting fraud or mistake."). Rule 9(b) thus applies to claims under state statutes, such as the UCL, FAL, CLRA, that sound in fraud.  *See id*. at 1125 (citation omitted); *Benanav v. Healthy Paws Pet Ins., LLC*, 495 F. Supp. 3d 987, 994 (D. Wash. 2020) (Rule 9(b)'s requirements apply to ICFA claims) (citing *Kearns*, 567 F.3d 1120).

Under Rule 9(b), Plaintiffs' Complaint must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (internal quotation omitted).  As this Court has explained, Rule 9(b) "requires that the complaint allege specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, how or why the representation was false or misleading, and . . . the identity of the person engaged in the fraud." *Wood v. Motorola Mobility, Inc.*, No. C-11-04409-YGR, 2012 WL 892166, at *3 (N.D. Cal. Mar. 14, 2012) (Gonzalez Rogers, J.) (citing *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1547-49 (9th Cir. 1994)).

## IV.   ARGUMENT

### A.   Plaintiffs Lack Article III and Statutory Standing.

To have Article III standing to pursue claims for damages or restitution, a plaintiff must allege "that his injury-in-fact is concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Swartz v. Dave's Killer Bread, Inc.*, No. 4:21-cv-10053-YGR, 2022 WL 1766463, at *5 (N.D. Cal. May 20, 2022) (Gonzalez Rogers, J.) (citing *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). Similarly, "[t]o plead standing under the FAL, CLRA, or UCL, a plaintiff must also allege that he relied on the defendants' purported misrepresentations and suffered economic injury as a result." *Swartz*, 2022 WL 1766463, at *5 (citing *Brown v. Natures Path Foods, Inc.*, No. 21-cv-05132-HSG, 2022 WL 717816, at *7 (N.D. Cal. Mar. 10, 2022)).

Here, neither Plaintiff alleges that he reviewed or relied upon a representation made by HP. Instead, in their voluminous thirty-two page Complaint, Plaintiffs devote two limited paragraphs to describing their purchases, and these paragraphs reference no such advertising. *See* Compl. ¶¶ 36, 43 (alleging month of purchase, purchase price, and retailer).  These perfunctory paragraphs contain

no basis by which to connect any purported injury experienced by Plaintiffs to any advertising or other statement made by HP.

As this Court and others have made clear, this deficiency requires dismissal of Plaintiffs' claims due to lack of Article III and statutory standing. *See Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1197 (N.D. Cal. 2014) ("A party does not have standing to challenge statements or advertisements that she never saw."); *Pirozzi*, 913 F. Supp. 2d at 847 (N.D. Cal. Dec. 20, 2012) (Gonzalez Rogers, J.) (dismissing all claims, including UCL, FAL, CLRA, and unjust enrichment claims, where the plaintiff "fail[ed] to allege specifically which statements she found material to her decision to purchase [the products]" and therefore, did "not suffer[] an injury-in-fact that [wa]s caused by the complained of conduct"); *Palmer v. Apple Inc.*, No. 5:15-cv-05808-RMW, 2016 WL 1535087, at *3-4 (N.D. Cal. Apr. 15, 2016) (dismissing plaintiff's claims for failure to "specify which specific advertisements or statements he personally saw").

**B.      Plaintiffs' Statutory Claims Fail as a Matter of Law.**

1.      Plaintiffs Fail to Allege Reliance.

The CLRA, FAL, and UCL each prohibit false or misleading advertising. *See* Cal. Bus. & Prof. Code § 17500; Cal. Civ. Code § 1770(a); Cal. Bus. & Prof. Code § 17200 *et seq*. Because "the same standard governs all three statutes [the CLRA, FAL, and UCL], courts often analyze the three statutes together." *Punian v. Gillette Co.*, No. 14-cv-05028-LHK, 2016 WL 1029607, at *5 (N.D. Cal. Mar. 15, 2016) (collecting cases). Similarly, to plead an ICFA claim, a plaintiff must allege "that the defendant committed a deceptive or unfair act with the intent that others rely on the deception, that the act occurred in the course of a trade or commerce, and that it caused actual damages." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019).

Here, since neither Plaintiff has alleged that he reviewed any specific representation in connection with his laptop purchase, HP is improperly left to guess which—if any—HP statement is at issue. And because Plaintiffs reneged on their stipulation to amend their Complaint in this regard, HP is regrettably forced to address multiple allegations in the Complaint that on their face are irrelevant to Plaintiffs' alleged experiences.

That, in and of itself, renders Plaintiffs' statutory claims deficient. Plaintiffs cannot simply

point to generalized advertising statements about the HP Omen laptops made at unspecified times, without identifying the specific advertising—if any—on which Plaintiffs relied. Compl. ¶¶ 17-18. That deficiency requires dismissal of Plaintiffs' statutory claims. *See, e.g.*, *Kearns*, 567 F.3d at 1126 (affirming dismissal of CLRA and UCL claims for failure to satisfy Rule 9(b) where plaintiff did not specifically allege "when he was exposed to the[] [statements]" or "which [ones] he relied upon" when making his purchases);[2] *Maxwell v. Unilever U.S., Inc.*, No. 5:12-cv-01736-EJD, 2013 WL 1435232, at *2-5 (N.D. Cal. Apr. 9, 2013) (dismissing CLRA, UCL, and FAL claims for failure to satisfy Rule 9(b) where plaintiff did not "unambiguously specify . . . the particular statements [p]laintiff allegedly relied on when making her purchases"); *see also Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801 (Ill. 2005) (requiring a plaintiff to allege that he was actually deceived by the misrepresentation to sufficiently plead proximate causation under ICFA)*; Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 738 (N.D. Ill. 2015) ("To satisfy Rule 9(b), [an ICFA] [p]laintiff must identify a specific misrepresentation that he saw, the date he saw it, [] where he saw it," that it "induced him to purchase the [product.]"); *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 719 (N.D. Ill. 2020) (dismissing ICFA claim for plaintiff's failure to allege "that he saw or heard any of the allegedly deceptive communications prior to purchasing the vehicle").

### 2. Plaintiffs Fail to Identify any Actionable Representation.

Plaintiffs' statutory claims also fail because the few HP statements actually identified in their Complaint are not actionable under California or Illinois law. Plaintiffs focus on statements currently appearing on an online banner ad ("You don't pick the best gaming laptop. It picks you." (Compl. ¶ 17)) and a specific product webpage (that the HP Omen 16t-k000, 16.1" laptop is "ready to go wherever you are" and has "desktop levels of power."). *Id.* ¶ 18, n. 7. But, as a matter of law, these general statements are not actionable. *See Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1081 (N.D. Cal. 2017) ("Generalized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely, and thus are not actionable under the

---

[2] In light of long-standing and controlling Ninth Circuit precedent (*Kearns*), this Court's prior rulings (*e.g., Pirozzi*), and the guidance in the Court's scheduling notes, Plaintiffs' original decision to stipulate to amend their Complaint to comply with controlling precedent was sensible. Plaintiffs have yet to explain their reversal, three days after signing the stipulation, to stand on their plainly deficient original Complaint.

1   UCL, FAL, or CLRA.") (citation omitted); *Speakers of Sport, Inc. v. ProServ, Inc.*, 178 F.3d 862,

2   866 (7th Cir. 1999) (applying Illinois law and holding that "[p]uffing in the usual sense signifies

3   meaningless superlatives that no reasonable person would take seriously, and so it is not actionable

4   as fraud.").

5          Similar marketing statements have been held non-actionable under California and Illinois

6   law.  *See, e.g.*, *Taleshpour v. Apple Inc.*, 549 F. Supp. 3d 1033, 1040 (N.D. Cal. 2021) ("statements

7   that the laptops . . . contain 'the best Mac display ever' are subjective and immeasurable assertions

8   and thus constitute nonactionable puffery."); *Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123,

9   1133-34 (N.D. Cal. 2013) (generalized advertisements that the computer is "ultra-reliable" or

10  "packed with power" were not actionable); *Brothers v. Hewlett-Packard Co.*, No. C-06-02254

11  RMW, 2006 WL 3093685, at *4-5 (N.D. Cal. Oct. 31, 2016) (statements that the computer is "top

12  of the line" and a "high-performance wireless notebook . . . with desktop comfort" were not

13  actionable); *Adkins v. Nestle Purina PetCare Co.*, 973 F. Supp. 2d 905, 919 (N.D. Ill. 2013) (Ill.

14  law) ("Product superiority [advertisements] that are vague or highly subjective often amount to

15  nonactionable puffery.") (citation omitted); *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 908

16  (N.D. Ill. 2013) ("Illinois courts have held that phrases such as, 'high-quality,' 'expert

17  workmanship,' 'custom quality,' 'perfect,' 'magnificent,' 'comfortable,' 'picture perfect,' and the

18  'best' are puffery" and not actionable).  Since Plaintiffs' Complaint fails to identify any actionable

19  representation, their statutory claims should be dismissed.

20              3.      Plaintiffs Fail to Identify any Statement Relating to Trackpads.

21         Plaintiffs also fail to allege any representations made by HP specific to the trackpads in their

22  HP Omen laptops.  None of the statements identified in their Complaint refer specifically to

23  trackpads on their Omen laptops, or the trackpad's standard, quality, or durability.  Compl. ¶¶ 17-

24  18.  Therefore, Plaintiffs' statutory claims—all of which are premised on allegedly defective

25  trackpads—should be dismissed.  *See Morgan v. Harmonix Music Sys., Inc.*, No. 08-cv-05211-BZ,

26  2009 WL 2031765, at *3-5 (N.D. Cal. July 7, 2009) (dismissing CLRA and UCL claims based on

27  allegations that the *drum pedals* sold as part of the defendant's "Rock Band" video game were

28  defective because they "broke within months of purchase," however, plaintiffs failed to identify any

"specific representations about the durability of the *[drum] pedal*," or "that the *drum pedals* had a characteristic that they do not have, or are of a standard or quality of which they are not.") (emphasis added); *Wood*, 2012 WL 892166, at *4 (Gonzalez Rogers, J.) (dismissing CLRA claim because absent allegations that "specify the particular standard, quality, or grade [that] Motorola represented that the [product at issue] was of," the "Court and the [d]efendant are left guessing how exactly Motorola misrepresented the characteristics, benefits, standard, quality, and/or grade of the [product at issue]."); *see also Baldwin*, 78 F. Supp. 3d at 737-38 (dismissing ICFA claim where plaintiff failed to identify any advertisement that misrepresented specific product attribute).

### 4.   Plaintiffs Fail to Identify the Alleged Defect.

Despite the purported definition of a "defect" (Compl. ¶ 2), Plaintiffs' Complaint merely alleges the *consequences* of a purported defect, rather than setting forth any well-pleaded facts identifying any alleged defect, including whether the defect is a manufacturing defect, design defect, or some other issue.  *See, e.g.*, *id.* (defining "Defect" based on what "the trackpad component can *cause* the onscreen cursor to" supposedly do) (emphasis added); *id.* ¶ 21 ("[T]he Omen laptops at issue have severe [unspecified] trackpad infirmities, frequently rendering the laptop completely unusable."); *id.* ¶ 22 ("HP Omen laptops, because of their demonstrably defective trackpads, *cause* user input errors; freezing; erratic cursor behavior which can move in other directions despite user input; and even locks up the system.") (emphasis added).

These types of allegations that simply focus on the consequences of an alleged defect are plainly insufficient under Rule 9(b)'s heightened pleading standard.  *See, e.g.*, *Wilson*, 668 F.3d at 1144 ("Plaintiffs do not plead any facts indicating *how* the alleged design defect, *i.e.*, the loss of the connection between the power jack and the motherboard, causes the [l]aptops to burst into flames.") (emphasis added).  Indeed, courts routinely dismiss claims when the alleged defect is not well-defined because it fails to provide a defendant with notice of the particular misconduct that constitutes the alleged fraud.  *See, e.g.*, *Sciacca v. Apple Inc.*, 362 F. Supp. 3d 787 (N.D. Cal. 2019) (dismissing CLRA and UCL claims where "[p]laintiff's description of the alleged defect identifies only the consequences of the alleged defect (*i.e.*, cracking, shattering, or detaching), but is notably silent on identifying the defect that causes such consequences"); *Punian*, 2016 WL 1029607, at

*14-15 (dismissing claims where the "[p]laintiff has not identified any *cause* for [defendant's] [b]atteries' potential to leak within ten years, or alleged the existence of a design or manufacturing defect in [the] [b]atteries.") (emphasis added).  Plaintiffs' failure to sufficiently identify the alleged defect in their laptop trackpads, as Rule 9(b) requires, warrants dismissal.

5.    Plaintiffs Fail to Allege That HP Had Pre-Sale Knowledge.

Plaintiffs also fail to plausibly allege, as they must, that HP had knowledge of the alleged defect prior to the time of sale.  *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145-46 (9th Cir. 2012) ("Plaintiffs must allege HP's knowledge of a defect to succeed on their claims of deceptive practices and fraud."); *Rice v. Sunbeam Prods., Inc.*, No. CV 12-7923-CAS-AJWx, 2013 WL 146270, at *10 (C.D. Cal. Jan. 7, 2013) (requiring a plaintiff's FAL claim to allege sufficient facts showing the defendant's knowledge of the purported defect); *Sherwin v. Samsung Elec. Am., Inc.*, No. 16 C 7535, 2018 WL 11216896, at *5 (N.D. Ill. Mar. 2, 2018) (dismissing ICFA claim for "fail[ure] to allege [defendant] had knowledge of the purported defect at the time she made her purchase.").  To state a viable claim for relief, a "stron[g] factual basis" must be shown, *Wilson*, 688 F.3d at 1146, by identifying multiple sources of knowledge supported by well-pleaded facts.  *See, e.g.*, *Smith v. Apple Inc.*, No. 21-cv-09527-HSG, 2023 WL 2095914, at *3 (N.D. Cal. Feb. 17, 2023) (plaintiffs relied on "multiple specific sources of knowledge" and "describe[d] *the details* of th[e] pre-sale testing" to "explain *how* this testing would have alerted Apple to the defect in this case.") (emphasis added).

Plaintiffs here only allege in conclusory fashion that "[HP] designed and tested the HP Omen laptops, including the trackpad," so "HP knew or should have known about the [unspecified] Defect, before the Products were offered for sale."  Compl. ¶ 31.  Absent any well-pleaded facts establishing HP's pre-sale knowledge of the alleged defect at issue, these conclusory allegations are insufficient to state a claim.  *See Wilson,* 668 F. 3d at 1147 (affirming dismissal of CLRA and UCL claims in light of "generalized" and "conclusory" allegations as to HP's putative pre-sale knowledge); *Resnick v. Hyundai Motor Am., Inc.*, No. CV 16-00593-BRO (PJWx), 2017 WL 1531192, at *14 (C.D. Cal. Apr. 13, 2017) ("The fact that [d]efendants had quality control programs in place on the one hand, and that several consumers made anonymous complaints online with a few

indicating that they spoke to a Hyundai dealership or to its customer service department on the other hand, fails to establish [pre-sale] knowledge of a widespread defect."); *see also Schwebe v. AGC Flat Glass N. Am., Inc.*, No. 12 C 9873, 2013 WL 2151551, at *4-5 (N.D. Ill. May 16, 2013) (dismissing omission-based ICFA claim because plaintiffs could "not plead with particularity facts indicating [defendant's] knowledge [of the defect] prior to the [] sale."). This deficiency in Plaintiffs' Complaint is compounded by their failure to identify any specific trackpad defect. *See Hauck v. Advanced Micro Devices, Inc.*, No. 18-cv-00447-LHK, 2018 WL 5729234, at *5 (N.D. Cal. Oct. 29, 2018) ("Given [p]laintiff's vague and inconsistent definitions of [the] [d]efect, [defendant] can hardly be expected to know exactly what the contents of its alleged misrepresentations are.").

This conclusion is not altered by the online postings that Plaintiffs reference in their Complaint. As for the alleged postings themselves, those do not add any plausibility to Plaintiffs' claims, since the postings apparently were made after both Plaintiffs' purchases (Compl. ¶ 30 n. 12), do not specify the HP Omen laptop model (*id.* ¶ 26), and otherwise are not directly tied to Plaintiffs' individual claims. *See, e.g.*, *id.* ¶ 30 (referring to "countless [unspecified] Reddit posts"). As for the law, it is well-established that online postings, including postings on the company's webpage, are insufficient to show pre-sale knowledge. *See, e.g.*, *Wilson*, 668 F.3d at 1147 ("[C]omplaints posted on a manufacturer's webpage merely establish the fact that some consumers were complaining; and [b]y themselves[,] [webpage complaints] are insufficient to show that [the manufacturer] had knowledge [of the defect]."); *Deras v. Volkswagen Grp. of Am., Inc.*, No. 17-cv-05452-JST, 2018 WL 2267448, at *4 (N.D. Cal. May 17, 2018) ("Forty-five, or even fifty-six, complaints out of hundreds of thousands of [products] does not . . . show [a manufacturer's] knowledge of the alleged defect."); *see also Sherwan*, 2018 WL 11216896, at *5 (reference to a "handful" of "online customer complaints" about the at-issue product, some of which post-dated the plaintiff's purchase, "are irrelevant to whether she has sufficiently alleged what [defendant] knew at the time she made her purchase."); *Halperin v. Int'l Web Servs., LLC*, 123 F. Supp. 3d 999, 1008 (N.D. Ill. 2015) ("[A] list of anonymous and unsubstantiated user comments . . . badly flunks Rule 9(b)."). Absent plausible allegations of HP's pre-sale knowledge of a putative defect in their

laptop's trackpads, Plaintiffs' statutory claims must be dismissed.

6.    Plaintiffs' Statutory Claims Based on Alleged Omissions Fail.

To the extent Plaintiffs' claims are premised on alleged omissions of facts from statements made by HP (*see, e.g.*, Compl. ¶¶ 71, 84, 101), those claims fail for lack of any allegation that Plaintiffs reviewed any HP statement in the first instance.  Because Plaintiffs do not claim to have reviewed any HP statements, they cannot plausibly claim that HP wrongly omitted any material fact from such statements.  *See De Bouse v. Bayer*, 235 Ill.2d 544, 555 (Ill. 2009) (requiring a plaintiff claiming an omission-based deception to identify the communication in which the omission occurred to state a viable ICFA claim); *Darne v. Ford Motor Co.*, No. 13 CV 03594, 2017 WL 3836586, at *10 (N.D. Ill. Sept. 1, 2017) ("Under the ICFA, an 'omission' is an omission from a communication, rather than a general failure to disclose."); *McVicar v. Goodman Global, Inc.*, 1 F. Supp. 3d 1044, 1052 (C.D. Cal. 2014) (dismissing omission-based UCL claim where the plaintiff failed to allege "that when purchasing the product, [he] looked at any packaging or labeling that would have contained the omitted information.") (citations omitted).

Plaintiffs' omission-based claims are further deficient because neither Plaintiff has alleged that HP had a duty to disclose any allegedly omitted facts.  *See Hodson v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1024 (N.D. Cal. 2016), *aff'd*, 891 F.3d 857 (9th Cir. 2018); *Taleshpour*, 549 F. Supp. 3d at 1045.  Both California and Illinois recognize a duty to disclose arises under limited circumstances, such as where the plaintiff and defendant are in a fiduciary or confidential relationship.  *See, e.g.*, *Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 987 (N.D. Cal. 2010) (citing *LiMandri v. Judkins*, 52 Cal.App.4th 326, 337 (1997)), *aff'd*, 462 F. App'x 660 (9th Cir. 2011); *Rodriguez v. Ford Motor Co.*, 596 F. Supp. 3d 1050, 1058 (N.D. Ill. 2022) (citing *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill.2d 482, 500 (Ill. 1996)).  Plaintiffs' Complaint is devoid of any facts to support a plausible inference that HP had a duty to disclose under such circumstances, and their claims premised on such a duty should be dismissed.

**C.    Plaintiff Justin Davis' Statutory Claims Are Otherwise Without Merit.**

In addition to the reasons set forth above, Plaintiff Justin Davis's California statutory claims are without merit because: (i) he has not complied with the CLRA notice requirements; and (ii) he

1    otherwise fails to allege a violation of the UCL.

2                    1.      The Purported CLRA Notice to HP Is Deficient.

3            Pursuant to the CLRA, a plaintiff must notify the manufacturer of the "particular alleged

4    violations" of the CLRA 30 days before bringing an action seeking damages and must "[d]emand

5    that the [manufacturer or vendor] correct, repair, replace, or otherwise rectify the goods or services

6    alleged to be in violation of" the Act.  Cal. Civ. Code § 1782(a); *see also Herron v. Best Buy Stores,*

7    *L.P.*, No. 12-cv-02103-GEB-JFM, 2014 WL 2462969, at *2 (E.D. Cal. May 29, 2014)

8    ("[C]ompliance with the [CLRA notice] requirement is necessary to state a claim" for damages

9    under the Act).  A plaintiff "must provide notice [to manufacturers] regarding *each particular*

10   *product* on which his CLRA damages claims are based."  *Frenzel*, 76 F. Supp. 3d at 1016 (emphasis

11   added) (collecting cases).  "Strict adherence to the [CLRA's] notice provisions is required" to state

12   a CLRA claim.  *Laster v. T-Mobile USA, Inc.*, 407 F.Supp.2d 1181, 1196 (S.D. Cal. 2005).

13           Plaintiffs' March 30, 2023 demand letter purports to notify HP of "Violation[s] of California

14   and Illinois Consumer Protection Laws, and other applicable laws."  *See* Dkt. No. 1-1.  However,

15   the demand letter simply refers to the *entire* "HP Omen laptop product line" and (unspecified)

16   "Products" without delineating between the specific models for which Plaintiffs seek CLRA

17   remedies.[3]  Because Plaintiff failed to specifically identify the products—including any specific

18   non-purchased products—on which his CLRA claim is based, the CLRA claim should be dismissed.

19   *See Frenzel*, 76 F. Supp. 3d at 1016 (dismissing CLRA claim for failure to comply with CLRA's

20   strict notice requirement because the demand letter failed to "distinguish[] between the three

21   generations of the device" at issue and did not identify the specific non-purchased products alleged

22   to be "substantially similar"); *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-cv-01196-WHO, 2013 WL

23   5407039, at *12 (N.D. Cal. Sept. 25, 2013) (dismissing CLRA damages claim based on products

24   that plaintiffs did not purchase themselves, "as plaintiffs failed to provide adequate notice under

25   [the CLRA]" for those non-purchased products).

26

27   _____
     [3] *See* Dkt. No. 1-1 ("PLEASE TAKE NOTICE that this Letter constitutes notice for HP Inc.'s
     ("HP") breach of express warranty regarding its HP Omen laptop product line. This Letter also
28   serves to notify HP that its business practices violate the California Consumer Legal Remedies Act,
     Cal. Civ. Code § 17500 *et seq*. (the "CLRA") . . . .").

1

2.  <u>Plaintiff Justin Davis Otherwise Fails to State a UCL Claim.</u>

2   The UCL provides a cause of action for business practices that are "unlawful," "fraudulent,"

3   or "unfair."  *Palmer*, 2016 WL 1535087, at *6 (citing Cal. Bus. & Prof. Code § 17200).  Plaintiff

4   Justin Davis fails to allege facts in support of any of these prongs of the UCL.

5   To state a claim under the "unlawful" prong of the UCL, a plaintiff must allege facts to

6   support a predicate violation of some underlying law.  *See Lazar v. Hertz Corp.*, 69 Cal.App.4th

7   1494, 1505 (1999).  Here, Plaintiff's claim under the "unlawful" prong of the UCL is premised on

8   violations of the FAL, CLRA, and breaches of express and implied warranties.  Compl. ¶ 63.

9   However, he has not plausibly alleged any statutory violations (*see* Sections IV.B-IV.C.3, *supra*) or

10   breaches of express or implied warranties (*see* Section IV.D, *infra*).  Therefore, Plaintiff Justin

11   Davis' claim under the "unlawful" prong of the UCL fails and should be dismissed.  *See Palmer*,

12   2016 WL 1535087, at *6 (dismissing plaintiff's claims under the UCL's "unlawful" prong,

13   premised on violations of the CLRA and FAL, because plaintiff failed to state an underlying CLRA

14   or FAL claim); *Punian*, 2016 WL 1029607, at *17 (same).

15   As discussed above, Plaintiff fails to state a fraud-based statutory claim premised on

16   affirmative misrepresentations or alleged omissions (*see* Sections IV.B-IV.C.3, *supra*).  Therefore,

17   he also fails to state a claim under the "fraud" prong of the UCL premised on the same conduct.

18   Similarly, because Plaintiff's "unfair" UCL claim is premised on the same alleged deceptive

19   conduct underlying his "unlawful" and "fraud" UCL claims (*see, e.g.*, Compl. ¶¶ 63-64, 67-68), his

20   "unfair" UCL claim also fails.  *See Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104-05

21   (N.D. Cal. 2017) (dismissing "unfair" UCL claim where the alleged deceptive conduct

22   "overlap[ped] entirely with the [conduct] addressed in the fraudulent and unfair prongs of the

23   UCL," which were also subject to dismissal).

24   **D.   Plaintiffs' Express and Implied Warranty Claims Should Be Dismissed.**

25   Plaintiffs have failed to identify which state law governs their common law claims, which is

26   grounds for dismissal.  *See* Section IV.F, *infra*.  But even if the Court applied California law or

27   Illinois law (the laws of the states in which Plaintiffs reside), Plaintiffs' claims for breach of express

28   and implied warranty claims fail as a matter of law.

1          1.     <u>Plaintiffs' Express Warranty Claims Fail.</u>

To plead a claim for breach of express warranty under California law, a plaintiff must allege "that the seller: (1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *In re Iphone 4S Consumer Litig.*, No. C 12-1127 CW, 2014 WL 589388, at *7 (N.D. Cal. Feb. 14, 2014) (citation and quotations omitted).  Because a "manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty," *In re Sony PS3 Other OS Litig.*, 551 F. App'x 916, 919 (9th Cir. 2014), a plaintiff "must allege the exact terms of the warranty." *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d at 1092.  To do so, a plaintiff must identify a "specific and unequivocal written statement" about the product that constitutes an "explicit guarantee[ ]." *In re Iphone 4S Consumer Litig.*, 2014 WL 589388 at *8 (citation omitted).  Likewise, under Illinois law, a plaintiff alleging a breach of express warranty must "state the terms of the warranty or attach it to the complaint." *Baldwin*, 78 F. Supp. 3d at 739.  "Failure to do so renders the claims invalid." *N. Ins. Co. of N.Y. v. Silverton Marine Corp.*, 2010 WL 2574225, at *2 (N.D. Ill. June 23, 2010).

Although their Complaint generally alleges that HP "issued written warranties" (Compl. ¶ 114), Plaintiffs fail to allege the terms of the warranty, fail to identify which terms were breached, and fail to attach the warranty at issue to the Complaint—each of which is fatal to their express warranty claim.  *See Sharma v. ARS Aleut Constr., LLC*, No. 4-21-cv-4004-YGR, 2021 WL 4554193, at *2 (N.D. Cal. Oct. 5, 2021) (Gonzalez Rogers, J.) (dismissing express warranty claim for failure to allege the exact terms of the warranty); *Hauck*, 2018 WL 5729234, at *7 (dismissing express warranty claim for failure to allege which warranty terms were breached); *Aquino v. C.R. Bard, Inc.*, 413 F. Supp. 3d 770, 787-88 (N.D. Ill. 2019) (dismissing express warranty claim under Illinois law for plaintiff's failure to state the terms of the warranty at issue or attach the warranty to the complaint).

          2.     <u>Plaintiffs' Implied Warranty Claims Fail.</u>

Equally unavailing is Plaintiffs' breach of implied warranty claim.  Under California law and Illinois law, "privity of contract" must exist to state a viable claim for breach of implied

warranty.  *See Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 830 (N.D. Cal. 2021); *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1236 (N.D. Cal. 2012); *Fullerton v. Corelle Brands, LLC*, No. 18-cv-4152, 2019 WL 4750039, at *7 (N.D. Ill. Sept. 30, 2019).

Here, Plaintiffs allege that they both purchased their laptops from retailers, not from HP directly.  Compl. ¶¶ 36, 43.  It is undisputed, however, that a consumer and manufacturer do not stand in privity with each other when the consumer purchases the product at issue from a retailer. *See Clemens v. DaimlerChrysler Corp.*, 534 F. Supp. 3d 1017, 1023 (9th Cir. 2008) (an "end consumer who buys products from a retailer is not in privity with the manufacturer of the products."); *Voelker v. Porsche Cars No. Am., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003) (affirming dismissal of consumer's breach of implied warranty claim under Illinois law for lack of privity with the manufacturer).

Thus, Plaintiffs' breach of implied warranty claim fails under both California and Illinois law, and should be dismissed.  *See In re Seagate Tech. LLC Litig.*, 233 F. Supp. 3d 776, 787-88 (N.D. Cal. 2017) (dismissing breach of implied warranty claim for failure to establish privity because plaintiffs purchased products at issue from a retailer, not the manufacturer); *Fullerton*, 2019 WL 4750039, at *7 (dismissing plaintiff's implied warranty claim under Illinois law because she purchased the products at issue from a retailer and thus, did not stand in privity with manufacturer).

### E.    Plaintiffs' Claims for Equitable Relief Should Be Dismissed.

Plaintiffs seek equitable relief in the form of an injunction (Compl. ¶¶ 71, 84, 94) and restitution (*id.* ¶¶ 72, 85, 93), and they also assert a standalone claim for unjust enrichment (*id.* ¶¶ 125-136).  As shown below, Plaintiffs claims for equitable relief should be dismissed.

#### 1.    Plaintiffs Lack Standing to Seek Injunctive Relief.

The Supreme Court's decision in *TransUnion LLC v. Ramirez* "redefined the inquiry into what satisfies th[e] concrete harm requirement" and "requires nuance as to the remedy sought." *Copley v. Natera, Inc.*, No. 4:21-cv-08941-YGR, 2023 WL 3772023, at *1-2 (N.D. Cal. May 8, 2023) (Gonzalez Rogers, J.) (citing *TransUnion*, 141 S.Ct. 2190, 2204, 2210 (2021)).  The Supreme Court explained that Article III "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing *for each claim* that they press *and* for *each form of relief* that they seek (for

example, injunctive relief and damages)." *TransUnion*, 141 S.Ct. at 2208 (emphasis added).  A

plaintiff may seek injunctive relief "so long as the risk of harm is sufficiently *imminent and*

*substantial*." *Id.* at 2210 (emphasis added) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414

n.5 (2013)); *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (a plaintiff seeking injunctive

relief must allege that his "risk of harm is sufficiently *real, imminent, and substantial* to warrant

prophylactic measures.") (emphasis added).

Here, Plaintiffs vaguely assert a *profession* of intent, *i.e.*, that they "would *like to be able to*

*consider* purchasing [unspecified models of] HP computers in the future."  *See, e.g.*, Compl. ¶¶ 71,

84 (emphasis added).  That is plainly insufficient to establish an imminent risk of substantial harm,

so as to support standing to seek injunctive relief.  *See, e.g.*, *Copley*, 2023 WL 3772023, at *6

(Gonzalez Rogers, J.).  And because Plaintiffs lack individual standing to pursue injunctive relief,

they cannot seek injunctive relief on behalf of the proposed class or subclasses pursuant to Rule

23(b)(2) of the Federal Rules of Civil Procedure.  *See Frenzel*, 76 F. Supp. 3d at 1015 ("Unless the

named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class

seeking that relief.") (citing *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999)).

### 2. Plaintiffs Fail to Demonstrate That They Have Inadequate Legal Remedies.

Plaintiffs' claims for equitable relief should also be dismissed because they do not allege

any facts demonstrating that remedies at law would be inadequate to address their claims.  *See*

*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (a plaintiff must demonstrate

the lack of an adequate remedy at law to obtain equitable relief under California consumer

protection statutes).

Here, Plaintiffs rely on unadorned legal conclusions of "inadequacy" to support their

requests for equitable relief.  *See, e.g.*, Compl. ¶ 73 ("But even if damages were available, such

relief would not be adequate to address the injury suffered by Plaintiff Justin Davis and the

California Sub-Cass."); *id.* ¶ 86 (same); *id.* ¶ 133 (Plaintiffs and the Class do not have an adequate

remedy at law").  However, absent any well-pleaded facts as to *why* Plaintiffs' claims provide

inadequate remedies at law, Plaintiffs cannot maintain their claims for equitable relief.  *See Watkins*,

550 F. Supp. 3d at 837-38 (applying *Sonner* and dismissing plaintiffs' claims for equitable relief

under the CLRA and UCL because plaintiffs "have not alleged *any facts establishing* that their remedies at law are inadequate.") (emphasis added).

3.   <u>Plaintiffs' Unjust Enrichment Claim Fails.</u>

The standalone unjust enrichment claim is entirely duplicative of Plaintiff Justin Davis' claim for restitution under the CLRA, UCL, and FAL.  *See* Compl. ¶¶ 72, 85, 93.  As such, the unjust enrichment claim should be dismissed.  *See Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917, 933-34 (N.D. Cal. 2014) (Gonzalez Rogers, J.) (dismissing unjust enrichment claim because the restitution sought was duplicative of the restitution sought under plaintiff's CLRA and UCL claims); *Brazil v. Dole Food Co., Inc.*, 935 F. Supp. 2d 947, 967 (N.D. Cal. 2013) (same).

Moreover, the unjust enrichment claim is premised on the same alleged conduct that supports Plaintiff Justin Gary Davis' ICFA claim; therefore, the "unjust enrichment [claim] will stand or fall with the related claim."  *Cleray v. Phillip Morris*, 656 F.3d 511, 517 (7th Cir. 2011) (applying Illinois law).  Since the unjust enrichment claim is premised on the same alleged conduct underlying Plaintiff Gary Davis' legally deficient ICFA claim, the unjust enrichment claim should also be dismissed.  *See Vanzant*, 934 F.3d at 739-40 (applying Ill. law) (unjust enrichment claim "is tied to the fate of the [ICFA] claim"); *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 720 (N.D. Ill. 2020) (dismissing standalone unjust enrichment claim because the "unjust enrichment claim is premised on the same factual allegations as his [dismissed] ICFA claim.").

**F.   Plaintiffs Lack Standing as to the Nationwide Class and State Subclasses.**

At the threshold, Plaintiffs' failure to identify which state laws governs their putative nationwide class claims warrants dismissal.  *See Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016) ("[D]ue to variances among state laws, failure to allege which state law governs [the nationwide class] claim is grounds for dismissal."); *Tromble*, 2021 WL 2165796, at *2 (N.D. Cal. May 27, 2021) (Gonzalez Rogers, J.) (dismissing plaintiff's nationwide class claims for failure to identify applicable state law).

Even if Plaintiffs had identified which state laws govern the putative nationwide class claims, they would lack standing to assert claims purportedly arising under the laws of the states in which they do not reside.  As residents of California and Illinois respectively, Plaintiffs lack any

basis on which to invoke the laws of express warranty, implied warranty, and unjust enrichment of the other forty-eight States.  Their putative nationwide class claims should be dismissed.  *See Schertzer v. Bank of Am., N.A.*, 445 F. Supp. 3d 1058, 1072 (S.D. Cal. 2020) ("[T]here is a growing trend among courts within the Northern, Eastern, and Southern Districts of California to address the issue of Article III standing at the pleading stage and dismiss claims asserted under the laws of states in which no plaintiff resides or has purchased products.") (collecting cases); *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1095 (S.D. Cal. 2017) ("In the absence of a named [p]laintiff who has purchased a product within the relevant state . . . there can be no determination that an interest was harmed that was *legally protected under the relevant state's laws*.") (emphasis in original).

Additionally, consistent with the Ninth Circuit's ruling in *Mazza v. Am. Honda Motor Co., Inc.*, Plaintiffs cannot assert putative nationwide class claims based on the laws of multiple jurisdictions.  666 F.3d 581, 591-92 (9th Cir. 2012) (reversing certification of nationwide class "under California law containing class members who purchased . . . vehicles in different jurisdictions with materially different consumer protection laws," and where the "elements necessary to establish a claim for unjust enrichment . . . vary materially from state to state.");[4] *Tromble*, 2021 WL 2165796, at *2 (Gonzalez Rogers, J.) (relying on *Mazza* to grant motion to dismiss nationwide class claim for unjust enrichment); *Phan v. Sargento Foods, Inc.*, No. 20-cv-09251-EMC, 2021 WL 2224260, at *8-9 (N.D. Cal. June 2, 2021) (relying on *Mazza* to grant motion to dismiss nationwide class claims for breach of warranty and unjust enrichment).

Further, Plaintiffs lack standing to pursue claims as to the models of HP Omen laptops that they did not purchase.  Plaintiffs allege that they purchased two specific models of HP Omen laptops: the HP Omen 16.1" R5 5600H Gaming laptop; and the HP Omen 17.3" Intel i7 Gaming laptop.  Compl. ¶¶ 36, 43.  Yet, Plaintiffs apparently seek to bring claims addressing the *entire* "HP

---

[4] Although *Mazza* was decided at class certification, "the principle articulated in *Mazza* applies generally and is instructive even when addressing a motion to dismiss."  *Frezza v. Google Inc.*, No. 5:12-cv-00237-RMW, 2013 WL 1736788, at *6 (N.D. Cal. Apr. 22, 2013); *see also Cover v. Windsor Surry Co.*, No. 14-cv-05262-WHO, 2016 WL 520991, at *5 (N.D. Cal. Feb. 10, 2016) ("Multiple California district courts have applied *Mazza* at a motion to dismiss stage.") (collecting cases).

Omen line of laptops produced in 2021 and 2022." *Id.* ¶ 1.  Plaintiffs have alleged no facts indicating any connection between the two HP Omen laptop models they purchased, and the many other laptops in the HP Omen product line.  To the extent Plaintiffs assert class claims based on products that they did not purchase, Plaintiffs lack standing to bring those claims, and they should be dismissed.  *See Carroll v. Myriad Genetics, Inc.*, No. 4:22-cv-00739, 2022 WL 16860013, at *6-7 (N.D. Cal. Nov. 9, 2022) (Gonzalez Rogers, J.) (dismissing putative class claims encompassing products that the plaintiff did not purchase).

**V.** **CONCLUSION**

For the foregoing reasons, Plaintiffs' Complaint should be dismissed in its entirety.

Dated: June 30, 2023                                K&L GATES LLP


By: /s/ *Michael J. Stortz*
        Michael J. Stortz
        Andrew J. Wu
        *Attorneys for Defendant*
        *HP Inc.*