UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN DAVIS, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>HP, INC.,<br><br>        Defendant. | Case No. 23-cv-02114-YGR (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 63 |

Following the Court's order on HP's motion to dismiss, Plaintiffs' remaining claims in this case are for breach of express and implied warranty and unjust enrichment. ECF No. 38. Plaintiffs now move to compel concerning their rogs 3, 4, 5 and 9 and their RFPs 4, 6, 8, 10, 11, 13, 14, 15 and 16.

Rog 3 seeks relevant information because statements and product descriptions in labels and packaging materials can be part of the warranty. Rog 4 seeks relevant information because identifying the individuals involved in the design of the trackpad is a first step toward subpoenaing them or deposing them to develop evidence that the trackpad was designed defectively, which is relevant to whether any warranties were breached. However, identifying every employee at HP who took part in the design of the trackpad is likely overbroad and unduly burdensome. Accordingly, HP's response to rog 4 should identify the principal employees involved in the design of the trackpad, and for outside consultants or independent contractors, should identify the companies, not each individual person. For similar reasons, rogs 5 and 9 seek relevant information, but HP's response should be similarly limited.

The Court does not see how RFP 4 seeks relevant documents. RFP 6 seeks relevant documents because, as noted, statements and product descriptions in labels and packaging

materials can be part of the warranty. RFP 8 seeks relevant documents because they may show discussion about what statements should or should not be in the labels and packaging materials. RFP 11 seeks relevant documents for the same reason. RFP 10 seeks relevant documents because complaint and warranty claims related to the trackpad may be evidence of a breach of warranty. The Court cannot tell what RFP 13 seeks. RFP 14 seeks relevant documents if it is limited to the trackpad. The Court does not see how RFP 15 seeks relevant documents. RFP 16 seeks relevant documents.

HP argues that Plaintiffs' requests are improper because they seek "all" or "each" of the requested items. For rog 3 and RFP 6, Plaintiff do ask about "each" label and packaging material, but there is nothing wrong with that. It's not like every single laptop had a bespoke label. HP had certain labels and packaging materials during the relevant time period, and Plaintiffs want to know what they were. For rogs 4, 5 and 9, Plaintiffs do ask for "all" such people, but the Court has addressed that above. For the other RFPs, there is nothing wrong with how they are phrased. HP argues that RFP 18 is overbroad, but Plaintiffs are not moving to compel on that RFP.

Accordingly, the Court **GRANTS** Plaintiffs' motion to compel as to rogs 3, 4, 5 and 9 and RFPs 6, 8, 10, 11, 14 and 16 as stated above. The Court **DENIES** Plaintiffs' motion to compel as to RFPs 4, 13 and 15.

**IT IS SO ORDERED.**

Dated: July 8, 2025

THOMAS S. HIXSON
United States Magistrate Judge