**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JUSTIN DAVIS, ET AL.**,<br><br>             Plaintiffs,<br><br>   v.<br><br>**HP, INC.**,<br><br>             Defendant. | Case No.: 4:23-CV-02114-YGR<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE; DENYING PLAINTIFF'S MOTION TO AMEND; AND GRANTING THE PARTIES' STIPULATION TO EXTEND CASE MANAGEMENT PLAN**<br><br>Re: Dkt. Nos. 66, 67, 69, 78, 82 |

Before the Court is defendant's motion for summary judgment (Dkt. No. 66) and the parties related sealing motions (Dkt. Nos. 67, 69); plaintiff's motion to amend the complaint to add a new named plaintiff (Dkt. No. 78); and the parties' joint stipulation to extend the case management plan (Dkt. No. 82).

On October 21, 2025, the Court heard the parties on all except the sealing motions. Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth more fully on the record on October 21, 2025, the Court hereby **DENIES WITHOUT PREJUDICE** defendant's motion for summary judgment; **DENIES** plaintiff's motion to amend; and **GRANTS** the parties' stipulation to extend the case management plan.

The parties are **ORDERED** to submit weekly status updates to the Honorable Magistrate Judge Thomas S. Hixson until defendant produces all materials pursuant to Judge Hixson's July 8, 2025 Order. (Dkt. No. 77).

Both parties move the Court to seal Exhibit A to the Declaration of Alejandra Campos in Support of HP's Motion for Summary Judgment and the same document filed as Exhibit F to the Declaration of Tyler Litke in Support of Plaintiffs' Opposition to HP's Motion for Summary Judgment. (Dkt. Nos. 67, 69.)

A motion to seal documents that are part of the judicial record is governed by the "compelling reasons" standard. *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). A "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (quoting *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178-79 (9th Cir. 2006)). The trial court must weigh relevant factors including the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* at 679 n. 6 (quoting *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir.1995)). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Id.* at 679. Given the importance of the competing interests at stake, any sealing order must be narrowly tailored. Civ. L.R. 79-5 (a).

The Court has reviewed the material the parties wish to seal and agrees that compelling reasons exist to seal these documents, because they consist of highly sensitive business information that relates to HP's ongoing business practices. Therefore, the Court hereby **GRANTS** the Administrative Motions to File Under Seal. (Dkt. Nos. 67, 69.)

This terminates Docket Nos. 66, 67, 69, 78, and 82.

**IT IS SO ORDERED**.

Date:   October 22, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

2