Michael J. Stortz (139386)
Michael.Stortz@klgates.com
K. Taylor Yamahata (347192)
Taylor.Yamahata@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, California  94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

*Attorneys for Defendant*
HP Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN DAVIS and GARY DAVIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff(s),<br><br>  vs.<br><br>HP INC.,<br><br>    Defendant(s). | Case No.: 4:23-cv-02114-YGR (TSH)<br><br>[PROPOSED] **STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION** |

The undersigned Parties to the above-captioned case (the "Litigation"), through their respective counsel, agree that the terms and conditions of this Protocol for Conducting Electronic Discovery ("ESI Protocol") shall govern the search for, disclosure of, and format of electronically stored information ("ESI") and Documents.

Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

1

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION; CASE NO. 4:23-cv-02114-YGR (TSH)

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## 4. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between January 1, 2019 and the present will be preserved;

b) The parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." Below are the types of ESI the Parties believe should be preserved:

Types of ESI:
- Word processing documents;
- Spreadsheets;
- Digital photographs;
- Videos;
- Emails and their attachments;
- Text and instant messages;
- Call logs;
- Information stored in internal databases; and

The parties shall add or remove custodians as reasonably necessary;

c) The parties will agree on the number of custodians per party for whom ESI will be preserved;

2

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION; CASE NO. 4:23-cv-02114-YGR (TSH)

    d) If, upon investigation, it is determined that a Custodial or Non-Custodial Data Source is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B), the Party shall identify why it considers the information not reasonably accessible. If a Party intends to seek discovery on these data sources, the parties shall meet and confer and, if necessary, seek resolution by the Court;

**5. SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6. PRODUCTION FORMATS**

The parties agree to produce documents in ☒ PDF, ☒TIFF, ☐native and/or ☐paper or a combination thereof (check all that apply)] file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**7. PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI and the initial production will be from the following sources and custodians: Microsoft 365, Newton, CDAX, ROC; Shelley Ortiz (insert title), Jayson Pegler (Country Market Communications), John Chow (Senior Manager, Engineering Project/Program Management), Charles Gu (Electrical/Hardware Engineer). Following the initial production, the parties will continue to prioritize the order of subsequent productions.

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

    a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

    b) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

9. **MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: 11/18/25                             /s/ Russell Busch
                                         Counsel for Plaintiff

Dated: 11/13/25                          /s/ K. Taylor Yamahata
                                         Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: November 19, 2025

UNITED STATES ~~DISTRICT/~~MAGISTRATE JUDGE